UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTY SPILLAR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-193 |
| | § | |
| COMMISSIONER OF INTERNAL | § | |
| REVENUE, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

This Memorandum and Order is issued after the Court has had the opportunity of reviewing the parties' respective submissions that were invited in response to this Court's Memorandum of March 21 (Doc. # 34). The background set forth in that Memorandum will not be repeated here, and the defined terms used in the Memorandum will have the same meaning here.

### I. THE PARTIES' CONTENTIONS

The Executrix now argues that, in four of Winter's prior bankruptcies, the IRS did claim to be a secured creditor. The Executrix goes on to argue that the IRS abandoned its claim to secured status in the last of Winter's bankruptcies and, because of that abandonment, the IRS cannot now assert secured status as to the stocks that were owned by Winter and are now are held in Winter's account at the broker Raymond James.

The IRS contends that, because of the language of Internal Revenue Code § 6123, the IRS has a lien against Winter's property enforceable against the whole world without the need for filing notice. The only reason, the IRS contends, that there was any doubt as to the IRS's creditor status

-1-

in the Winter bankruptcies is that I.R.C. § 6123 carves out certain categories of creditors, including a bankruptcy trustee, from the operation of § 6121. Unlike a bankruptcy trustee, however, the Executrix is given no preferred status under § 6123 as to the operation of § 6121.

## II. ANALYSIS

The language of § 6321 is sweeping:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

§ 6322 makes clear that the lien on a taxpayer's property to which the IRS is entitled pursuant to § 6321 arises at the time of assessment and continues in force until the assessment is paid. § 6323 then blunts the force of the IRS's lien status as to particular categories of third parties, who might generally be described, in familiar equitable terms, as bona fide purchasers for value without notice of the IRS's liens. The estate of a deceased taxpayer, and the executrix of such an estate, are not, however, within the language of § 6323.

There is no issue of judicial estoppel as to the IRS's position relative to Winter. The IRS had one set of rights in Winter's various bankruptcies, and additional rights in Winter's probate proceedings.

## III.  CONCLUSION

The IRS's Motion for Summary Judgment is **GRANTED**. The Executrix's Motion for Summary Judgment is **DENIED**. The case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on this ___29th___ day of March 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE